## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STATE OF CALIFORNIA, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., et al.,<br><br>*Defendants*. | Civil Action No.: 25-cv-12019 |

### [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION AND STAY

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, and 5 U.S.C. § 705, and upon consideration of Plaintiffs' Motion for a Preliminary Injunction and Stay, and the parties' briefing thereon, it is hereby **ORDERED** that the motion is **GRANTED**; and it is further

**ORDERED** that Defendants are preliminarily **ENJOINED** from implementing and enforcing the following provisions of the Final Rule entitled *Patient Protection and Affordable Care Act; Marketplace Integrity and Affordability*, 90 Fed. Reg. 27074 (June 25, 2025) (Final Rule), and that these same provisions are **STAYED** pursuant to 5 U.S.C. § 705, as against Plaintiff States, pending a final ruling on the merits of this case:

1. The Final Rule's imposition of a $5 premium penalty on automatic re-enrollees, effective as of plan year 2026, pursuant to 45 C.F.R. § 155.335(a)(3), (n).

2. The Final Rule's requirement that states utilizing the federal exchange verify eligibility for at least 75% of Special Enrollment Periods triggered by a major live event, effective as of plan year 2026, pursuant to 45 C.F.R. § 155.420(g).

3.  The Final Rule's requirement that a data-matching issue be generated if either existing federal tax data shows a lower income than an enrollee's projected annual household income at or above 100% of the federal poverty level, or if there is no federal tax information available, effective as of August 25, 2025, pursuant to 45 C.F.R. § 155.320(c)(3)(iii), (5).

4.  The Final Rule's changes to the failure-to-reconcile (FTR) policy, effective as of plan year 2026, pursuant to 45 C.F.R. § 155.305(f)(4).

5.  The Final Rule's change to the premium adjustment percentage methodology, effective as of plan year 2026, pursuant to 45 C.F.R. § 156.130(e).

6.  The Final Rule's changes to *de minimis* ranges for actuarial value calculations, effective as of plan year 2026, pursuant to 45 C.F.R. §§ 156.140(c), 156.200(b)(3), and 156.400.

7.  The Final Rule's revocation of guaranteed insurance coverage for individuals with past-due premiums, effective August 25, 2025, pursuant to 45 C.F.R. § 147.104(i).

8.  The Final Rule's barring "sex-trait modification procedure" as an Essential Health Benefit, effective as of plan year 2026, pursuant to 45 C.F.R. §§ 156.115(d), 156.400.

As grounds for this order, the Court finds that the Plaintiff States are likely to succeed on the merits of their claims; that the Final Rule is causing Plaintiffs ongoing and irreparable harm which is likely to continue if the order is not granted; and that the public interest and balance of harms weigh in favor of granting preliminary relief and postponing the effective date of the Final Rule with respect to the application of the provisions listed above against the Plaintiff States.

This Order shall remain in effect unless and until modified by the Court.

**SO ORDERED** this ___ day of _____, 2025

By:    _____
United States District Judge