# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-12019-NMG |

## DEFENDANTS' UNOPPOSED MOTION TO AMEND BRIEFING SCHEDULE AND RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY

Defendants respectfully move to amend the briefing schedule for Plaintiffs' motion for a preliminary injunction or stay, and in support state:

1.      Plaintiffs, a collection of states, challenge the Marketplace Integrity and Affordability Final Rule, which sets standards for insurance available on health care exchanges under the Affordable Care Act.  The Rule, which finalizes a March 2025 proposal that was open to public comment, was issued and publicly posted by the Centers for Medicare & Medicaid Services on June 20,[1] and published in the Federal Register on June 25.[2]

2.      Plaintiffs filed their complaint and motion for a preliminary injunction or stay on July 17, nearly a month after the Rule was issued.  ECF Nos. 1, 6.  Their 293-paragraph complaint, which spans more than 80 pages, brings 6 causes of action challenging 10 separate provisions of the Rule. *See, e.g.*, Compl. ¶¶ 260(a)–(h), 281–84.  Their preliminary injunction motion attaches 26 exhibits totaling nearly 300 additional pages.  *See* ECF Nos. 10-2–10-27.

---

[1] CMS, Fact Sheet, 2025 Marketplace Integrity and Affordability Final Rule (June 20, 2025), https://www.cms.gov/newsroom/fact-sheets/2025-marketplace-integrity-and-affordability-final-rule.

[2] CMS, Patient Protection and Affordable Care Act; Marketplace Integrity and Affordability, 90 Fed. Reg. 27074 (June 25, 2025).

3.      As Plaintiffs noted in their July 17 filings, Defendants consented to Plaintiffs' filing of an overlength opening brief, and the parties "were continuing to meet and confer on an agreed-upon briefing schedule to accommodate the needs of both sides and the Court." Pls.' Unopposed Mot. For Leave to File Excess Pages, ECF No. 4, at 2. By the following afternoon, the parties had agreed on the following briefing schedule:

- Defendants' opposition due: August 7

- Plaintiffs' reply due: August 14

- Hearing: As soon as practicable for the Court before August 25

The parties were in the process of preparing a joint motion to this effect when the Court entered the current briefing schedule, and Plaintiffs do not oppose this motion to amend it.[3]

4.      There is good cause to enter the schedule set forth above. As noted, Plaintiffs challenge 10 provisions of the Final Rule, raising a variety of legal theories. And the length of their complaint—along with the hundreds of pages of exhibits submitted in support of their motion for preliminary relief—underscore the complexity of the subject matter. The requested extension would enable Defendants to prepare considered briefing that would be maximally helpful to the Court as it weighs these important issues.

5.      Moreover, undersigned counsel's office within the Department of Justice's Civil Division is currently handling an unprecedented amount of emergency litigation. Since the complaint in this case came in, undersigned counsel's time has been entirely consumed with preexisting obligations in another case, which is likewise being briefed on an emergency schedule. Defendants respectfully submit that a more accelerated schedule here would compromise their ability to put forward a thorough defense, whereas the requested extension would still leave sufficient time for the Court's consideration before the date by which Plaintiffs request a decision.

---

[3] Pursuant to Local Civil Rule 7.1(a)(2), undersigned counsel for Defendants certifies that his supervisor, Eric Beckenhauer, conferred by email on July 23 with counsel for Plaintiffs, Allyson Slater and Nimrod Elias, who indicated that Plaintiffs do not oppose the relief sought in this motion.

6.     If this motion is granted, Defendants would not object to Plaintiffs' request for leave to file a 15-page reply brief in support of their motion.  But Defendants respectfully submit that it would be prejudicial to grant Plaintiffs such relief—that is, an additional brief unauthorized by the local rules that would itself extend the briefing schedule—if Defendants' own request for an extension of time were denied.

WHEREFORE, the Court should grant this motion and adjust the briefing schedule as set forth above.


DATED: July 23, 2025                          Respectfully submitted,

                                              BRETT A. SHUMATE
                                              Assistant Attorney General
                                              Civil Division

                                              ERIC B. BECKENHAUER
                                              Assistant Director
                                              Federal Programs Branch

                                               /s/ Zachary W. Sherwood
                                              ZACHARY W. SHERWOOD
                                              (IN Bar No. 37147-49)
                                              Trial Attorney
                                              U.S. Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street NW
                                              Washington, DC 20005
                                              (202) 616-8467
                                              (202) 616-8470 (fax)
                                              zachary.w.sherwood@usdoj.gov

                                              *Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

On July 23, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of Massachusetts, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

<u>/s/ Zachary W. Sherwood</u>
ZACHARY W. SHERWOOD