# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

STATE OF CALIFORNIA, *et al.*,

        Plaintiffs,

v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*,

        Defendants.

Case No. 1:25-cv-12019-NMG

## DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS IN LIGHT OF LAPSE OF APPROPRIATIONS

Defendants respectfully move for a stay of proceedings in this case, including their October 31, 2025 deadline to respond to the Complaint, *see* ECF No. 104, in light of a lapse of appropriations.

1.    At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired, and those appropriations to the Department lapsed. The same is true for the majority of other Executive agencies, including Defendants. The Department does not know when such funding will be restored by Congress.

2.    The Anti-Deficiency Act requires that, absent an appropriation, Department of Justice attorneys and employees of Defendants are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The Act states that "the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not immediately threaten the safety of human life or the protection of property." *Id.*

3. Undersigned counsel for the Department of Justice therefore requests a stay of proceedings in this case, including Defendants' October 31, 2025 deadline to respond to the Complaint, *see* ECF No. 104, until Congress has restored appropriations to the Department.

4. If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department. Defendants request that, at that point, all current deadlines for the parties be extended commensurate with the duration of the lapse in appropriations—*i.e.*, each deadline would be extended by the total number of days of the lapse in appropriations.

5. Defendants have conferred with Plaintiffs, through counsel, and Plaintiffs oppose the relief requested in this motion.

6. To the extent Plaintiffs' opposition is based on the possibility that Department of Justice attorneys may be excepted from the Anti-Deficiency Act's restrictions under certain limited circumstances, Defendants respectfully submit that such a position fails to give those statutory restrictions their proper due. To be sure, if the Court denies this motion, Defendants will comply with any deadline the Court sets. But that does not render the Anti-Deficiency Act a nullity that may be overridden as a matter of course without consideration of its express requirement that Department of Justice attorneys are prohibited from working during a lapse of appropriations absent an "emergenc[y] involving the safety of human life or the protection of property," 31 U.S.C. § 1342. That standard is not met here. Plaintiffs already had an opportunity to seek preliminary relief in this case, and they failed to make the requisite showing. *See* ECF No. 105. Plaintiffs are in any event currently benefitting from another district court's grant of preliminary relief in a separate case, which stayed the effective date of nearly all of the regulatory provisions that Plaintiffs challenge here. *See City of Columbus v. Kennedy*, -- F. Supp. 3d --, 2025 WL 2426382, at *1 (D. Md. Aug. 22, 2025) (staying several provisions of the Marketplace Integrity and Affordability Final Rule pursuant to 5 U.S.C. § 705, including six of the eight Rule provisions from which Plaintiffs in this case sought preliminary relief). And Plaintiffs otherwise cannot show that preparing a response to the Complaint in this Administrative Procedure

Act case constitutes the sort of emergency that warrants an exception from the Anti-Deficiency Act's restrictions.  See 31 U.S.C. § 1342.

Accordingly, although we greatly regret any disruption caused to the Court and the other litigants, the Government respectfully moves for a stay of proceedings in this case, including Defendants' October 31, 2025 deadline to respond to Plaintiffs' Complaint, until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

DATED: October 22, 2025                     Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC B. BECKENHAUER
Assistant Director
Federal Programs Branch

　/s/ *Zachary W. Sherwood*
ZACHARY W. SHERWOOD
(IN Bar No. 37147-49)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
(202) 616-8467
(202) 616-8470 (fax)
zachary.w.sherwood@usdoj.gov

*Counsel for Defendants*

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1(a)(2), I certify that on October 15, 2025, I emailed counsel for Plaintiffs regarding the relief requested in this motion, and they stated via email that Plaintiffs oppose the requested relief.

*/s/ Zachary W. Sherwood*
ZACHARY W. SHERWOOD

## CERTIFICATE OF SERVICE

On October 22, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of Massachusetts, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Zachary W. Sherwood*
ZACHARY W. SHERWOOD
