# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| CITY OF COLUMBUS ET AL., | | |
| | * | |
| Plaintiffs, | | |
| | * | |
| v. | | |
| | * | Civil No. 25-2114-BAH |
| ROBERT F. KENNEDY, JR. ET AL., | | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>ORDER</u>

For the reasons stated in the Court's memorandum opinion, ECF 73, and upon consideration of Plaintiffs' motion for summary judgment, ECF 65, and Defendants' cross-motion for summary judgment, ECF 68, it is, by the United States District Court for the District of Maryland, hereby **ORDERED** that Plaintiffs' unopposed motion for clarification, ECF 75, is **GRANTED**, and this Court's order of June 12, 2026, ECF 74, is amended as clarified to provide as follows:

(1) Plaintiffs' motion for summary judgment, ECF 65, is GRANTED in part and DENIED in part;

(2) Defendants' motion for summary judgment, ECF 68, is GRANTED in part and DENIED in part;

(3) The following provisions of the final rule entitled "Patient Protection and Affordable Care Act; Marketplace Integrity and Affordability," 90 Fed. Reg. 27074, are VACATED pursuant to 5 U.S.C. § 706:

a. The imposition of a $5 premium penalty on automatic re-enrollees, through the addition of 45 C.F.R. § 155.335(a)(3) and (n);

b. The revocation of guaranteed insurance coverage for individuals with past-due premiums, through revisions to 45 C.F.R. § 147.104(i);

c. The failure to reconcile policy in 45 C.F.R. § 155.305(f)(4), including the final rule's amendments to that policy through the addition of 45 C.F.R. § 155.305(f)(4)(iii);

d. The imposition of eligibility verification for the special enrollment period, through the revisions to 45 C.F.R. § 155.420(g);

e. The imposition of a shortened open enrollment period beginning in·2027, through revisions to 45 C.F.R.§ 155.410(e) and (f);

f. The elimination of the 60-day extension of time to resolve inconsistencies in household income data, through the removal of 45 C.F.R. § 155.315(f)(7);

g. The imposition of a requirement that Exchanges verify household income inconsistencies when a tax filer's attested projected annual household income differs from "trusted data sources," through revisions to 45 C.F.R. § 155.320(c)(3)(iii) and the addition of 45 C.F.R. § 155.320(c)(3)(vi)(C)(2);

h. The changes to the de minimis ranges for actuarial value calculations, through revisions to 45 C.F.R. §§ 156.140(c), 156.200(b)(3), and 156.400;

i. The changes to the policy regarding self-attestation of projected income, through revisions to 45 C.F.R. § 155.320(c)(5); and

(4) The following provision is not vacated by the Court's ruling and may take effect according to its terms:

2

    a.   The change to the measure for calculating the premium adjustment percentage set

forth in 90 Fed. Reg. 27,166 through 27,178.


June 16, 2026
<u>               /s/              </u>

Date                                                   Brendan A. Hurson
United States District Judge